**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DONTY LEDEL SIMMONS**                                                           **PLAINTIFF**

**V.**                                        **5:10CV00158 BSM JTR**

**GERALD ROBINSON,**
**Sheriff of Jefferson County, et al.**                                    **DEFENDANTS**

## ORDER OF DISMISSAL

Plaintiff Donty Ledel Simmons ("Simmons") is a pretrial detainee at the Brassell
Detention Center.  On May 27, 2010, Simmons filed a confusing and lengthy Complaint
alleging, *among other things*, that defendants have:  (1) failed to provide him with adequate
medical care for bipolar disease, paranoid schizophrenia, peptic ulcers, arthritis, and high
blood pressure; (2) subjected him to excessive force on more than one occasion; (3) failed
to protect him from being attacked by another inmate; (4) failed to test him, or other inmates,
for tuberculosis; (5) not provided him with nutritiously adequate meals; (6) denied him
visitation with his family members; (7) violated his right to freely exercise his religion by
refusing to provide him with an Old Testament, a spiritual advisor, and religious services;
(8) refused to provide him with access to a law library; (9) restricted his legal mail; (10)
subjected him to bright lights that hurt his eyes; and (11) denied him yard call.  *See* Doc. No.
2.

On June 7, 2010, an order was entered striking the complaint from the record because
it was filed in clear violation of Fed. R. Civ. P. 8(a) and 20(a)(2).  *See* Doc. No. 3.  It was

also noted that Simmons could not defeat the filing fee requirement by joining factually and

legally unrelated claims in one action.  *Id*.  Simmons was directed to file, within thirty (30)

days, a substituted compliant that complied with Fed. R. Civ. P. 8 and 20, and set forth only

claims that: (1) arose out of the same incident or event; and (2) involved common questions

of law or fact.  *Id*.  He was also advised that this case would be dismissed without prejudice

if he failed to timely and properly comply with these instructions.  *Id.*

On June 24, 2010, Simmons filed a substituted complaint that renews virtually all of

the legally and factually distinct claims raised in his original complaint.  *See* Doc. No. 5.

Specifically, he alleges that defendants:  (1) failed to provide him with adequate medical care

for bipolar disease, paranoid schizophrenia, peptic ulcers, arthritis, and high blood pressure;

(2) subjected him to excessive force; (3) failed to protect him from being attacked by another

inmate; (4) failed to provide him nutritiously adequate meals; (5) refused to allow him to visit

with his sister, who is "certified" minister; (6) provided him with insufficient writing and

mailing supplies; (7) denied him adequate access to the law library; (8) denied him yard call;

(9) confined him in a cell without running water; and (10) subjected him to bright lights that

hurt his eyes.  *Id*.  Simmons's substituted complaint is in clear violation of the June 7, 2010

order, as well as Fed. R. Civ. P. 8 and 20.

IT IS THEREFORE ORDERED THAT:

1.     Pursuant to Local Rule 5.5(c)(2), this § 1983 action is DISMISSED WITHOUT

PREJUDICE due to Simmons's failure to comply with the June 7, 2010 order.

2.      Further, it is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

*pauperis* appeal from this order of dismissal and the accompanying judgment would not be

taken in good faith.

IT IS SO ORDERED THIS 29th day of July, 2010.


_____
UNITED STATES DISTRICT JUDGE